United States Court of Appeals,

Fifth Circuit.

No. 95-50067

Summary Calendar.

The STATE OF TEXAS, Plaintiff,

v.

Jesse THOMPSON, Defendant-Third Party Plaintiff-Appellee,

v.

Chris HANGER and Benny Fisher, Third Party-Defendants-Appellants.

Dec. 8, 1995.

Appeal from the United States District Court for the Western District of Texas.

Before KING, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:

The sole issue in this interlocutory appeal is whether the magistrate judge properly denied appellants' motion for summary judgment based upon qualified immunity. We reverse in part and dismiss in part.

FACTUAL AND PROCEDURAL BACKGROUND

The genesis of this controversy is a state court action filed by the State of Texas seeking injunctive relief against appellee Jesse Thompson. Thompson is a licensed aerial applicator of chemicals. The State of Texas sought to compel Thompson to relinquish application records to assist in an investigation of citizen complaints about crop damage. In response, Thompson filed a counterclaim asserting, *inter alia,* a § 1983 action against

1

Commissioner of the Texas Agriculture Department Rick Perry,[1] Chris Hanger, and Benny Fisher.  This counterclaim led to the removal of the case to federal district court.

Thompson's § 1983 claim grew out of an investigation by the Texas Department of Agriculture ("TDA") into cotton crop damage in Bogota, Texas.  Thompson alleges that Fisher, the TDA investigator handling the complaint, engaged in a "crusade" telling former and potential customers that Thompson was a habitual law violator who should not be allowed to continue in business.  Thompson alleges that Hanger, then assistant general counsel to TDA, was a participant in this campaign by personally communicating to Thompson's customers false assertions concerning Thompson's habitual violations.  Thompson contends that as a result of this defamation, he was forced out of business and into bankruptcy, thus depriving him of a liberty interest.

Fisher and Hanger moved for summary judgment on the § 1983 claim based upon qualified immunity.  By agreement, the matter was heard by the magistrate judge.  Following a hearing, the court denied the motion.  This interlocutory appeal ensued pursuant to *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817-18, 86 L.Ed.2d 411 (1985).

## DISCUSSION

We review a denial of summary judgment based upon qualified immunity in a § 1983 action *de novo* under well-established

---

[1]By agreement of the parties, the magistrate judge granted judgment in favor of Perry leaving only the claims against Fisher and Hanger.

2

standards. *See Reese v. Anderson,* 926 F.2d 494, 498 (5th Cir.1991). Summary judgment is proper if, when viewing the evidence in the light most favorable to the nonmovant, the moving party establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Fraire v. City of Arlington,* 957 F.2d 1268, 1273 (5th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 462, 121 L.Ed.2d 371.

The first step in assessing a claim of qualified immunity is to ascertain whether the plaintiff has alleged the violation of a clearly established constitutional right. *Siegert v. Gilley,* 500 U.S. 226, 231, 111 S.Ct. 1789, 1792-93, 114 L.Ed.2d 277 (1991). Allegations of damage to one's reputation or the impairment of future employment prospects fail to state a claim of denial of a constitutional right. *Id.* at 233-34, 111 S.Ct. at 1793-94. However, damage to an individual's reputation as a result of defamatory statements made by a state actor, accompanied by an infringement of some other interest, is actionable under § 1983. *See Paul v. Davis,* 424 U.S. 693, 710-12, 96 S.Ct. 1155, 1164-66, 47 L.Ed.2d 405 (1976). We have described this as a "stigma-plus-infringement" test. *San Jacinto Sav. & Loan v. Kacal,* 928 F.2d 697, 701 (5th Cir.1991). To meet the stigma prong, a plaintiff must show that the stigma was caused by concrete, false factual assertions by a state actor. *Id.* To establish the infringement prong, a plaintiff must show that the state sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law or one of the incorporated

3

provisions of the Bill of Rights. *Id.* at 701-02. Appellants concede that there are material issues of fact concerning the stigma prong, but contend that Thompson cannot meet the infringement prong. Fisher and Hanger maintain that the deprivations alleged by Thompson are outside the scope of those deprivations stating a viable liberty interest claim under the Fourteenth Amendment.

In this case, Thompson asserts a liberty interest in operating his business as an aerial applicator. This Court recognizes that there is a liberty interest in operating a legitimate business. *Id.* at 702; *see Pogue v. City of Dallas,* No. 93-1881, slip op. at 11-12, 1994 WL 574733 (5th Cir. Oct. 14, 1994). Appellants argue that *Kacal* is distinguishable contending that their actions do not rise to the level of state action in that case. In *Kacal,* summary judgment evidence reflected that the police had a plan to shut-down a video arcade by harassing customers with the specific intent of discouraging patronage. 928 F.2d at 699. This plan included physically blocking the entrance to discourage customers, verbal harassment, and unlawful automobile searches. *Id.* at 699-700. Fisher and Hanger maintain that for *Kacal* to control, Thompson must show that they physically prevented people from using Thompson's services or that their activities were so widespread that none of Thompson's customers would use him.

However, *Kacal* is not so narrow as to embrace only those situations where there are physical acts or complete cessation of business. Rather, in *Kacal* we held that the plaintiff could

4

succeed in a § 1983 claim by showing that the officers, acting under color of law, "sought to remove or significantly alter" the plaintiff's liberty and property interests in operation of a business. *Id.* at 704. In this case, Thompson's allegation is similar to the one in *Kacal*—state actors, Fisher and Hanger, had a plan to put Thompson out of business by telling customers that he was a habitual law-breaker. Therefore, to avoid summary judgment it is sufficient for Thompson to show that Fisher and Hanger's actions were the direct cause of the failure of Thompson's business. *See id.* at 704; *Pogue,* No. 93-1811, slip op. at 11. Due to the state of the summary judgment evidence, the outcome of this appeal differs for each appellant.

As for Fisher, issues of material fact exist regarding whether Fisher's factual representations to third parties resulted in the loss of Thompson's business. The summary judgment evidence is conflicting. While past customers of Thompson stated in their depositions that they would use Thompson notwithstanding Fisher's statements, Thompson himself has sworn that he has lost business as a result of the comments and has been unable to remain financially viable because he cannot maintain sufficient client base. In addition, one former customer stated that he did not believe that area farmers would use Thompson again. Whether Fisher's comments directly caused Thompson to lose his business is a material fact issue. Since disputed factual issues material to qualified immunity are present, the denial of summary judgment sought on the basis of qualified immunity is not appealable. *Hale v. Townley,* 45

5

F.3d 914, 918 (5th Cir.1995).

Hanger's appeal, however, resolves differently. Thompson alleges that Hanger also participated in the defamation campaign by contacting potential customers. Hanger submitted a sworn affidavit that he did not specifically recall contacting Thompson's customers. Thompson's only summary judgment evidence as to Hanger's alleged false communications was stricken by the magistrate judge.[2] It is well-settled that the nonmoving party may not rest upon mere allegations, but must designate specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby,* 477 U.S. 242, 250, 256-57, 106 S.Ct. 2505, 2511, 2514-15, 91 L.Ed.2d 202 (1986). In the absence of any competent summary judgment evidence to support Thompson's claim against Hanger, the denial of the summary judgment motion must be reversed.[3]

---

[2]The court's order does not reflect the grounds for granting the motion to strike. Presumably, the magistrate judge accepted the grounds Hanger asserted in his motion to strike. That is, the proffered evidence was an excerpt from a deposition in an unrelated case to which Hanger was not a party. He did not have notice of the deposition or opportunity to cross-examine the deponent.

[3]Thompson's complaint also alleges that Hanger communicated with the Federal Aviation Administration concerning suspension of his flight privileges and that Hanger drafted a criminal complaint for Fisher against Thompson. The only summary judgment evidence concerning these two allegations comes from Hanger's own affidavit. Hanger explained that it was agency practice to make a courtesy referral to the FAA and that to his knowledge no action was taken by the FAA. As for the criminal complaint, he stated that he drafted the complaint after learning that Thompson had threatened Fisher with physical violence in the presence of a local deputy sheriff. This criminal complaint, however, was never filed. Consequently, there is no summary judgment evidence that these two actions had any effect on Thompson's business.

6

CONCLUSION

We DISMISS Fisher's appeal from the denial of summary judgment based on qualified immunity for lack of jurisdiction. We REVERSE the magistrate judge's denial of summary judgment for Hanger on qualified immunity. This case is REMANDED to the court for further proceedings consistent with this opinion.