**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-30583
Summary Calendar
_____


BRENDA BUTTS and RICHARD BUTTS,

Plaintiffs-Appellants,

VERSUS

ÆTNA CASUALTY AND SURETY COMPANY,

Defendant-Appellee.

_____


LOUISIANA UNITED BUSINESS SELF INSURERS FUND,

Intervenor Plaintiff-Appellant,

VERSUS

ÆTNA CASUALTY AND SURETY COMPANY,

Intervenor Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-1777)
_____


January 22, 1998
Before JONES, SMITH, and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited
(continued...)

Brenda Butts sued Aetna Casualty and Surety Company ("Aetna"), demanding coverage under her employer's automobile insurance policy. The district court found that the employer, Kilpatrick Life Insurance Company ("Kilpatrick"), had waived uninsured motorist ("UM") coverage and granted summary judgment for Aetna. We affirm.

I.

Butts was driving her car in the course and scope of her employment with Kilpatrick when she was struck broadside by a car driven by James Chatman. Chatman's liability insurance provided a policy limit of $25,000SSan amount Butts says was insufficient to compensate her for the serious injuries she suffered in the accident. Butts then sought compensation under Kilpatrick's automobile insurance policy, issued by Aetna.

Aetna denied coverage, arguing that Kilpatrick had waived UM coverage. Butts sued Aetna, but the court agreed that Kilpatrick had waived UM coverage and granted Aetna summary judgment. The court found that a valid waiver had been executed by Max Corley, who, although not an employee of Kilpatrick, had been granted implied actual authority to waive UM coverage on Kilpatrick's behalf.

We review grants of summary judgment *de novo*. *Knight v. U.S.*

*(...continued)
circumstances set forth in 5TH CIR. R. 47.5.4.

*Fidelity & Guar. Ins. Co.*, 65 F.3d 34, 36 (5th Cir. 1995). All facts must be viewed in the light most favorable to the non-movant and all reasonable inferences drawn in his favor. *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). The parties agree that Louisiana law governs this diversity case.

## II.

The central issue is whether there is a disputed material fact concerning Corley's authority to waive UM coverage on behalf of Kilpatrick. We conclude that no material facts regarding this issue are in dispute and that the district court properly granted summary judgment.

## A.

In Louisiana, UM coverage is included in every liability policy unless it is rejected "clearly, unambiguously, and unmistakably." *Henson v. Safeco Ins. Cos.*, 585 So. 2d 534, 538 (La. 1991). Both sides agree that the waiver language was plain and unambiguous and that Corley knowingly signed the waiver. The disputed question is whether Corley enjoyed the authority to execute a waiver that is binding on Kilpatrick.

Under Louisiana law, one may bind a corporation if he has implied actual authority to do so. Louisiana courts have recognized that an agency relationship may be created by

3

implication when

> from the nature of the principal's business and the
> position of the agent within that business, the agent is
> deemed to have permission from the principal to undertake
> certain acts which are reasonably related to the agent's
> position and which are reasonable and necessary con-
> comitants of the agent's express authorization. Implied
> authority connotes permission from the principal for the
> agent to act, though that permission is not expressly set
> forth orally or in writing. Generally, one should look
> from the viewpoint of the principal and the agent to
> determine whether the agent has implied authority.

*AAA Tire & Export, Inc. v. Big Chief Truck Lines, Inc.*, 385 So. 2d
426, 429 (La. App. 1st Cir. 1980). Written documents, such as a
contract or corporate minutes, are not necessary to prove agency,
nor is it necessary that the board of directors expressly authorize
the agent to act for the corporation. Agency may be established
through proof of a course of business or through proof that the
board of directors knew of, or acquiesced in, the agent's authority
and actions. *Karam v. Travelers Ins. Co.*, 813 F.2d 751, 754 (5th
Cir. 1987) (quoting 2 W. FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE
CORPORATIONS § 444, at 346 (rev. perm. ed. 1982)).

### B.

Corley is not Kilpatrick's employee. He is, however, the vice
president of the Rose-Neath Funeral Home ("Rose-Neath"), a company
that is commonly managed with Kilpatrick. Virginia Shehee is the
link between the two businesses, serving as chief executive officer
and president of both.

4

Aetna argues that Corley was an authorized agent of Kilpatrick because Shehee orally instructed Corley to waive UM coverage on behalf of Kilpatrick and because Corley had routinely signed insurance policies for Kilpatrick. Shehee testified that Corley had "handled the insurance" for both Kilpatrick and Rose-Neath for at least a dozen years. In his deposition, Corley corroborated Shehee's understanding. Roughly a year after Corley signed the waiver, the Kilpatrick shareholders passed a resolution providing that "all acts of Officers and Directors of Kilpatrick Life Insurance Company, or any other designated individual, in handling the affairs, investments, and contributions of said Corporation since the last Annual Meeting of Shareholders are hereby ratified and approved."

It is undisputed that Corley regularly signed insurance policies on behalf of Kilpatrick with Shehee's permission. It is undisputed that both Shehee and Corley believed that he had the authority to continue this longstanding practice when he signed the waiver at issue here. That Corley executed a binding waiver is further supported by the shareholders' subsequent ratification of his actions. Despite Butts's argument that a dispute exists regarding Shehee's express grant of authority,[1] we find nothing in

_____

[1] Butts rebuts Aetna's claim that no disputed material facts exist by pointing to the testimony of Crystal Baer, an Aetna employee. Baer testified that Shehee "was not sitting" at the meeting where Shehee says she granted Corley express authority to waive coverage. Butts argues that the district court improperly accepted Aetna's facts when it erroneously concluded that Butts failed
(continued...)

5

the record to contradict Aetna's claim that Corley enjoyed implied actual authority to waive UM coverage on Kilpatrick's behalf. Accordingly, the summary judgment is AFFIRMED.

---

[1](...continued)
timely to file her separate statement of disputed facts.  Because we conclude that even given Baer's testimonySSand other facts Butts says were wrongly excludedSSthere exists no disputed material fact concerning Corley's *implied* authority, we see no need to revisit the question of timeliness.