George SAUER, Plaintiff,

v.

ICI PAINTS IN NORTH AMERICA, Defendant.

No. Civ.A.SA–98–CA–29–OG.

United States District Court,
W.D. Texas,
San Antonio Division.

Feb. 3, 1999.

Suzanne Pickering, Attorney at Law, San Antonio, Texas, John M. Curney, Jr., Attorney At Law, San Antonio, TX, for plaintiff.

Wm. L. Davis, Attorney at Law, Dallas, TX, Robert J. Bowers, Attorney at Law, Cleveland, OH, for defendant.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

ORLANDO L. GARCIA, District Judge.

Before the Court is the Revised Memorandum and Recommendation of the United States Magistrate Judge, filed in the above-styled and numbered cause on January 8, 1999, and the objections to it filed by Plaintiff George Sauer on January 19, 1999.

■ Where no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Memorandum and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.1989).

■ On the other hand, if any party objects to the Memorandum and Recommendation, the Court must review it de novo. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634, 646 (5th Cir.1994); *Longmire v. Guste,* 921 F.2d 620, 623 (5th Cir.1991). Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir.1987).

In this case, Sauer argues that the Magistrate Judge erred in finding that he had not established a prima facie case of age discrimination under the Age Discrimination in Employment Act (ADEA) and that he raised no genuine issue of material fact that Defendant ICI Paint in North America's (ICI) reason for his termination were pretextual. The Court agrees with the first proposition but not the second.

In an age discrimination case, to make out a prima facie claim a plaintiff must show that he is a member of the protected class, he was discharged, he was qualified for the position he held, and he was replaced by someone outside the protected class, someone younger, or otherwise discharged because of his age. *Faruki v. Parsons S.I.P., Inc.*, 123 F.3d 315, 318–19 (5th Cir.1997). In this case, it is undisputed that Sauer's duties were assumed by his former superior, Butch Rivers, who is younger than Sauer. Rivers retired after a few months and was replaced by Lou Morrow, also younger than Sauer. When Morrow likewise resigned, and within a year after Sauer's termination, the duties of the job were split between two younger men outside of the protected class. Therefore, the Court agrees that he has made out a prima facie case of age discrimination.[1]

On the issue of pretext, however, the Court agrees with the Magistrate Judge that Sauer's case rests entirely on his own vague perception that he was discriminated against. ICI has articulated a non-discriminatory explanation for Sauer's termination—its need to streamline operations by reducing one of two supervisory positions for the San Antonio market. *See Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 150 (5th Cir.1995) ("Job elimination or office consolidation is a sufficient nondiscriminatory reason for discharge under the ADEA."). It is then incumbent upon Sauer to present some evidence that would create a genuine issue of material fact that this explanation was a mere pre-text for discrimination. Age-related comments by the decisionmaker are one way he can do this. *See Price v. Marathon Cheese Corp.*, 119 F.3d 330, 337 (5th Cir. 1997). But here, Sauer can point to only vague references at company meetings that he was a senior citizen; he could not identify the timeframe, context, or speaker making the statement. For such comments to be probative, they must at least be attributable to someone in a decision-making capacity and be "direct and unambiguous, allowing a reasonable jury to conclude that age was an impermissible factor in the decision to terminate the employee." *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir.1996). Sauer has altogether failed to demonstrate such a connection.

Sauer also focuses on the quality of ICI's decision to eliminate his position. But such a tactic fails because Sauer has not shown that, regardless of whether the decision was a wise or foolish one from a business perspective, it was at least in part motivated by Sauer's age. *See Deines v. Texas Dept. of Protective & Regulatory Servs.*, 164 F.3d 277, 278 (5th Cir.1999) ("Whether an employer's decision was the correct one, or the fair one, or the best one is not a question within the jury's province to decide. The single issue for the trier of fact is whether the employer's [decision] was motivated by discrimination."); *Armendariz*, 58 F.3d at 151 n. 7 (noting that employee may not show pretext merely by proving that employer's stated reasons for termination were false or misguided, but

---

1. The fourth element of a prima facie case varies depending upon whether the termination decision is classified as a reduction-in-force or a replacement. *See Meinecke v. H.R. Block of Houston*, 66 F.3d 77, 84 (5th Cir. 1995) (noting that, in reduction-in-force case, plaintiff must show, under fourth element, that persons outside of the protected class remained in similar positions and that he was otherwise discharged because of his age); *Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 150 (5th Cir.1995) (in reduction-in-force case, plaintiff must "present evidence that would allow the jury to conclude that [his employer] did not treat age as a neutral factor in its decision"). This case has aspects of both a reduction-in-force and a replacement. But regardless of classification, the result is the same. Sauer has failed to come forward with evidence sufficient to allow a jury to conclude that ICI did not treat his age neutrally in deciding to eliminate his position, *see Armendariz*, 58 F.3d at 150, whether that evidence is used to establish the fourth element of his prima facie case in the context of a reduction-in-force, or pretext in a replacement case.

must also show those reasons were a pretext for unlawful discrimination). Likewise, his attempt to discredit ICI's explanation by pointing to his own performance and qualifications for other positions within the company is, for the most part, irrelevant. ICI has stated that Sauer's termination was not for cause but to streamline the company's operations, and Sauer has not shown that he was "terminated in favor of a younger, clearly less qualified individual," when Mr. Rivers had worked for ICI for more than thirty years in a position superior to Sauer. *Texas Instruments*, 100, F.3d at 1181 (noting that, in reduction in force case, "the fact that an employee is qualified for his job is less relevant—some employees may have to be let go despite competent performance").

In sum, the Court has reviewed the evidence submitted by both parties in connection with ICI's summary judgment motion but can find nothing that would create a triable issue as to pretext. A mere "metaphysical doubt" as to whether ICI terminated Sauer because of his age is insufficient to satisfy Sauer's burden on summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Texas Instruments*, 100 F.3d at 1180. Accordingly, the Court finds that the Memorandum and Recommendation should be accepted.

IT IS ORDERED THAT the Memorandum and Recommendation of the United States Magistrate Judge filed in this cause on January 8, 1999 be and is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Defendant ICI Paints in North America's motion for summary judgment is GRANTED; and

IT IS FURTHER ORDERED THAT all other pending motions, including Sauer's appeal of the Magistrate Judge's order striking his expert witness designation, are DENIED as moot.

1. Docket Entry No. 57.

## REVISED MEMORANDUM AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

NOWAK, United States Magistrate Judge.

Before the Court is Defendant's motion for summary judgment.[1] I have jurisdiction to enter this Memorandum and Recommendation under 28 U.S.C. § 636(b) and the District Court's Order referring all pretrial matters in this proceeding to me for disposition by order or to aid in their disposition by recommendation where my authority as a Magistrate Judge is statutorily constrained.

### Background

This is an employment discrimination case. Plaintiff was employed for almost 30 years with Devoe and Raynolds, which was later acquired by Grow Group, Inc. and ultimately in 1995 by the Glidden Company doing business under the name of ICI Paints (ICI). Plaintiff served as a mid-level manager with ICI for the two year period from 1995 until August of 1997, when he was terminated. Plaintiff was 64 years old at the time of his discharge. He received 68 weeks of severance pay based on his 30 years of service with the company.

Plaintiff had served as a Major Market Manager, overseeing four stores in the San Antonio area. After the ICI takeover, he reported directly to Butch Rivers, the Region Manager. Rivers, in addition to supervising Plaintiff, had an additional two stores over which Rivers was personally responsible. After Plaintiff's termination, Rivers, who had more seniority than Plaintiff and was 54 years old, became the sole manager of all six stores in the region, thereby doing the job that the two men had done prior to Plaintiff's termination. Four months after receiving the additional stores, Rivers resigned from ICI. In December of 1997 Lou Morrow, age 61, filled the position as Region Manager supervis-

ing the six stores. Morrow served for eight months before retiring in August of 1998. At that time another Region Manager was not appointed. Instead, the job was split into two positions, a Regional Sales Manager and a Business Operations Manager, which performed the duties that one Region Manager had previously performed. Mark Berryman and Mike Castillion, ages 40 and 38 respectively, filled these two new positions.

Dissatisfied with ICI's reasons for terminating his employment, Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on September 4, 1997, and was eventually granted the right to sue. Plaintiff filed this lawsuit alleging that ICI discharged him because of his age in violation of the Age Discrimination in Employment Act (ADEA)[2]. ICI moves for summary judgment on all Plaintiff's claims, arguing that they had a rational nondiscriminatory business reason for the termination. ICI asserts that it terminated Plaintiff's employment as part of a necessary reduction in force and that there is no evidence in the record that supports Plaintiff's allegations of age discrimination. In the alternative, Defendant claims that Plaintiff has failed to mitigate his damages. I agree that Plaintiff has failed to produce evidence sufficient to raise a material fact issue on any of his claims or to even establish a prima facie case, and accordingly, recommend that the District Court grant ICI's motion. I do not address the issue of failure to mitigate

damages in light of my recommendation that the motion for summary judgment be granted on other grounds.

### Summary Judgment Standard

A party is entitled to summary judgment upon motion if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[3] Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment; the requirement is that there be no genuine issue of material fact.[4] A fact is material if it might affect the outcome of the lawsuit under the governing law.[5] A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[6] Therefore, summary judgment is proper if, under governing laws, there is only one reasonable conclusion as to the verdict; if reasonable finders of fact could resolve a factual issue in favor of either party, summary judgment should not be granted.[7]

A party seeking summary judgment bears the initial responsibility of informing the Court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.[8] However, Rule 56 does not require that the moving party support its motion with evi-

---

**2.** 29 U.S.C. § 621 et seq.

**3.** Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995); *Neff v. American Dairy Queen Corp.*, 58 F.3d 1063, 1065 (5th Cir.1995).

**4.** *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**5.** *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir.1994).

**6.** *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *Wise v. E.I. DuPont De Nemours & Co.*, 58 F.3d 193, 195 (5th Cir.1995); *MacMillan v. United States*, 46 F.3d 377, 380–81 (5th Cir.1995).

**7.** *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249; *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir.1995); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d at 1198.

**8.** *Celotex Corp. v. Catrett*, 477 U.S. at 323; *Wise v. E.I. DuPont Nemours & Co.*, 58 F.3d at 195; *Burfield v. Brown, Moore, & Flint, Inc.*, 51 F.3d 583, 588 (5th Cir.1995).

dentiary materials negating the opponent's claim.[9] Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion must be granted if the evidence before the Court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied.[10] Thus, when a motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party may not rest upon the mere allegations or denials in his pleading.[11] Rather, the nonmoving party's response must set forth facts showing that there is a genuine issue for trial.[12] If the nonmovant does not so respond, the Court must enter summary judgment against him.[13]

### ADEA Discrimination

■ The ADEA prohibits discrimination in the workplace based upon age and makes it unlawful for an employer to discharge an employee due to his age.[14] To make out a prima facie case of discrimination under the ADEA, a plaintiff must show that he was: (1) discharged, demoted, or denied a position; (2) qualified for the position; (3) within the protected class; and (4) either (I) replaced or passed over for someone outside the protected class, or (ii) otherwise discharged, demoted, or denied a position because of his age.[15] Once the plaintiff establishes a prima facie case,

the defendant must offer a legitimate, non-discriminatory reason for its decision.[16] If the defendant is successful, the presumption of discrimination created by the prima facie case disappears and the plaintiff must prove that the employer's articulated reason is a pretext for unlawful discrimination.[17]

### 1. Prima Facie Case

In Plaintiff's Response to Defendant's Motion for Summary Judgment,[18] Plaintiff asserts that he has established a prima facie case. The prima facie case must be established before proceeding because it is a sine qua non to further analysis. The first three elements of the prima facie case are not disputed: at age sixty-four Plaintiff was terminated from a management position which he was qualified to hold. However, the fourth element, which includes whether Plaintiff was either replaced by someone younger or was discharged because of his age, is not evident. Plaintiff follows the theory that this is a "replacement" case and claims two younger employees eventually received positions which Plaintiff and two other members of the protected class held.

Plaintiff asserts that this is a replacement case because twelve months after his

9. *Edwards v. Aguillard,* 482 U.S. 578, 595 n. 16, 107 S.Ct. 2573, 96 L.Ed.2d 510 (1987); *Celotex Corp. v. Catrett,* 477 U.S. at 323.

10. *Id.*

11. Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250; *State of Texas v. Thompson,* 70 F.3d 390, 393 (5th Cir.1995).

12. *Celotex Corp. v. Catrett,* 477 U.S. at 324; *Neff v. American Dairy Queen Corp.,* 58 F.3d at 1065; *Engstrom v. First Nat'l Bank,* 47 F.3d 1459, 1462 (5th Cir.1995).

13. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 884, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Celotex Corp. v. Catrett,* 477 U.S. at 323, 106 S.Ct. 2548.

14. 29 U.S.C. § 623(a); *Price v. Marathon Cheese Corp.,* 119 F.3d 330, 336 (5th Cir. 1997).

15. *Price v. Marathon Cheese Corp.,* 119 F.3d at 336; *Bienkowski v. American Airlines,* 851 F.2d 1503, 1504–05 (5th Cir.1988). The Supreme Court laid out the basic framework for analyzing employment discrimination under Title VII claims in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668, 677–79 (1973). The same analysis has been applied to ADEA claims. *Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 957 n. 4 (5th Cir.1993).

16. *Price v. Marathon Cheese Corp.,* 119 F.3d at 337.

17. *Id.*

18. Docket Entry No. 67.

termination two younger men, Berryman and Castillion, were promoted to positions covering similar duties for which Plaintiff and the Regional Manager had been responsible. But Plaintiff fails to address what took place immediately following his resignation. During this twelve month period, Plaintiff's position was eliminated. Rivers and Morrow each held the Regional Manager position which had assumed Plaintiff's responsibilities and both of these men resigned voluntarily from their jobs. Plaintiff was not replaced by a younger man, rather his duties were assumed by other members of the protected class. Rivers resigned voluntarily in December of 1997, just four months after Plaintiff was terminated. The record contains no evidence indicating these other men were constructively terminated due to their increased workload. Rather, Rivers appeared dissatisfied with the "philosophy of the company and the turmoil the company was in, in switching products and developing products." [19] After Rivers retired, Lou Morrow, age 61, took over the management of the six stores as Region Manager, before retiring on August 1, 1998 after 35 years of service with ICI.[20] There is no evidence in the record, as Plaintiff asserts, that Defendant is "enlisting a sales theory which involved ridding the Company of many of its older less trainable and higher paid employees." [21]

Only after one year had passed from the date of Plaintiff's termination were two younger men assigned the responsibilities for the management of Plaintiff's four stores. These two men had different titles and job responsibilities and it does not appear that anyone ever filled the same position Plaintiff had held because that position was eliminated and the duties assumed by another employee. Even if a younger man had assumed an identical position to Plaintiff's after twelve months had passed, it would not constitute a replacement per se due to the time lapse.[22]

To establish a prima facie case, Plaintiff must establish that he was either replaced by a younger man or that he was released because of his age. Plaintiff has only shown that his position was eliminated and the duties assumed by the Regional Manager, and upon his resignation, by another man also over sixty years of age. If not for their voluntary resignation, a member of the protected class might still hold the management position. There does not appear to be any evidence indicating either possibility of discrimination occurred and therefore Plaintiff has not established his prima facie case.

### 2. Defendant's Legitimate Nondiscriminatory Reason

If this Court had decided that Plaintiff established a prima facie case, Defendant would have to proffer a legitimate nondiscriminatory reason for Plaintiff's termination. Defendant claims that Plaintiff was terminated because his position was eliminated, which is a legitimate nondiscriminatory reason.

### 3. Evidence that Defendant's Reason was a Pretext for Unlawful Discrimination

Once the defendant has articulated a legitimate, nondiscriminatory reason, plaintiff must prove by a preponderance of

---

19. Oral Deposition of Butch Rivers, page 37, lines 13–16.

20. Oral Deposition of Lou Morrow, page 18, lines 2–4.

21. Docket Entry No. 67, Plaintiff's Response to Defendant's Motion for Summary Judgment and Brief in Support Thereof, page 1.

22. *See, e.g., Simpson v. Midland–Ross Corp.,* 823 F.2d 937, 941 (6th Cir.1987) (initial age discrimination case weakened when plaintiff was replaced several months after his discharge); *Frieze v. Boatmen's Bank of Belton,* 950 F.2d 538, 541 (8th Cir.1991) (no inference of age discrimination when younger employees were promoted five months after the plaintiff's termination and only when the man who had assumed plaintiff's job responsibilities had resigned).

the evidence that the employer's reason is but a pretext for age discrimination.[23] Viewing the evidence most favorably for the nonmoving party, this Court cannot agree that this reason was mere pretext.

Defendant made a business decision to terminate the mid-level, management position in the San Antonio area because one man could perform the job that two had previously done. This is supported by the fact that for the year following Plaintiff's termination, one man performed the duties that had previously been carried out by Plaintiff and the Region Manager. Defendant has the absolute right to make changes in the management of its stores as long as it is carried out in a nondiscriminatory manner. This court cannot second guess the lawful business decisions that Defendant makes concerning the management of its stores.[24]

Plaintiff points to additional evidence that his termination was based upon his age. Plaintiff refers to several comments made at company meetings that he was a "senior citizen." However, Plaintiff cannot remember who made the statements or in what context they were made.[25] Plaintiff also points to his disagreeing with the new "Market Vision Plan." But his disagreeing with a new company policy does not have anything to do with his age. There is simply no evidence other than Plaintiff's assertions that older company employees were considered "untrainable" and driven from their jobs. As further proof of age discrimination Plaintiff indicates that he was not considered for jobs in other cities and job openings weren't posted. Hiring policy is a business decision and no further evidence was submitted to indicate that age discrimination occurred.

Considering all evidence submitted to this Court, there is no genuine issue which could be construed in the Plaintiff's favor as creating a material issue of fact. Therefore summary judgment is appropriate in this case.

## Recommendation

I recommend that the District Court **GRANT** Defendant's motion for summary judgment, and **DISMISS** all of Sauer's claims.

### Instructions For Service and Notice of Right To Appeal/Object

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties either (1) by certified mail, return receipt requested, or (2) by facsimile if authorization to do so is on file with the Clerk. Under 28 U.S.C. § 636(b)(1), and Rule 4(b) of the Local Rules for the Assignment of Duties to United States Magistrates (Appendix C to the Local Court Rules for the Western District of Texas), any party who desires to object to this report must file written objections to the Memorandum and Recommendation with the Clerk of this Court, and serve the Magistrate Judge and all parties, within ten (10) days after being served with a copy of this Memorandum and Recommendation.[26] A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.[27] A party's failure to file written objections to the proposed factual findings, legal conclusions,

---

**23.** *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510–511 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993).

**24.** "The ADEA cannot protect older employees from erroneous or even arbitrary personnel decisions, but only from decisions which are unlawfully motivated." *Bienkowski v. American Airlines, Inc.*, 851 F.2d at 1508.

**25.** *Price v. Marathon Cheese Corp.*, 119 F.3d at 337 (age-based remarks are relevant to a determination of age discrimination, but mere stray remarks are not sufficient).

**26.** *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.1989), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989).

**27.** *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987).

and recommendations contained in this report shall bar the party from a de novo determination by the District Court.[28] Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within ten (10) days after being served, shall bar the aggrieved party from appealing the factual findings and legal conclusions that are accepted or adopted by the District Court, except on grounds of plain error.[29]

January 8, 1999.

28. *Thomas v. Arn,* 474 U.S. 140, 150–55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Raddatz,* 447 U.S. 667, 673–76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); 28 U.S.C. § 636(b)(1).

29. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir.1996).