# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2007

Charles R. Fulbruge III
Clerk

No. 06-30922

THINKSTREAM, INC.; BARRY BELLUE,

                            Plaintiffs-Appellants/Cross-Appellees

v.

PAUL ADAMS; DOUG HEBERT;
CATHERINE KIMBALL; CHRIS ANDRIEU,

                            Defendants-Appellees/Cross-Appellants

LOUISIANA COMMISSION ON LAW
ENFORCEMENT; GLENN ARCHER;
TEMPLAR, INC.,

                            Defendants-Appellees

---

Appeals from the United States District Court
for the Middle District of Louisiana
(05-844-D-M2)

---

Before JOLLY, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiffs-Appellants Thinkstream, Inc. and Barry Bellue appeal the district court's dismissal with prejudice of their 42 U.S.C. § 1983 action. Defendants-Appellees/Cross-Appellants, Paul Adams, Doug Hebert, Catherine Kimball, and Chris Andrieu, appeal the district court's denial of their motions for sanctions. We affirm all rulings of the district court.

Thinkstream, Inc. and Bellue filed this action under 42 U.S.C. § 1983, alleging that Defendants-Appellees, whom they refer to collectively as "state actors," conspired to defame them, to derail a public contract award, and constructively to debar them from competing for future state contracts, in deprivation of Plaintiffs-Appellants' liberty interest. In response, all Defendants-Appellees filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b), and Adams, Hebert, Kimball, and Andrieu filed sanctions motions under Federal Rule of Civil Procedure 11.

In a sound and thorough opinion, the district court granted all motions to dismiss, concluding that Thinkstream, Inc. and Bellue had failed to allege the deprivation of a constitutionally protected liberty interest. Specifically, the district court held that Thinkstream, Inc. and Bellue did not meet the "stigma-plus-infringement" test set forth in Paul v. Davis,[1] or demonstrate that Louisiana law had established a protected liberty interest in one's business reputation and goodwill. In denying sanctions, the district court concluded that Thinkstream, Inc. and Bellue's legal contentions were warranted by a nonfrivolous argument for the extension, modification, or reversal of existing law, or for the establishment of new law.

Having fully reviewed the record on appeal and carefully considered the parties' briefs and arguments, we are satisfied that the district court applied the proper legal standards to the relevant facts and reached the correct result with

---

[1] 424 U.S. 693 (1976).

respect to the Rule 11 motions for sanctions. Some additional commentary is needed, however, with respect to the dismissal of Thinkstream, Inc. and Bellue's claims.

This case stands and falls on the allegations of harm made by Thinkstream, Inc. and Bellue. In particular, those allegations fail to meet the Paul "stigma-plus-infringement" test. This test permits recovery under § 1983 when a claimant shows that the government, through defamation, "sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law or one of the incorporated provisions of the Bill of Rights."[2] And the freedom to operate a legitimate business is a protected liberty interest.[3]

The harms alleged by Thinkstream, Inc. and Bellue do not rise to the level of a significant alteration of a liberty interest. First, most of their alleged harms address opportunity costs, that is, contracts for which they claim they no longer have the ability to compete. But the loss of future employment opportunities does not typically qualify as the kind of "tangible interest" that Paul contemplated.[4] The loss of the specific contract that Thinkstream, Inc. had with the State of Louisiana is more tangible in nature, but the loss of isolated contracts does not of itself entail a significant impairment to operating a business.[5] Indeed, Thinkstream, Inc. has successfully contracted within the

---

[2] Texas v. Thompson, 70 F.3d 390, 392 (5th Cir. 1995).

[3] See San Jacinto Savings & Loan v. Kacal, 928 F.2d 697, 702 (5th Cir. 1991).

[4] Paul, 424 U.S. at 701; Vander Zee v. Reno, 73 F.3d 1365, 1369 (5th Cir. 1996) ("Neither harm to reputation nor the consequent impairment of future employment opportunities are constitutionally cognizable injuries.").

[5] Cf. Kacal, 928 F.2d at 702 (holding that state harassment of arcade patrons such that the arcade was forced out of business was sufficient evidence of a § 1983 liberty interest to survive summary judgment); Thompson, 70 F.3d at 392 (holding that defamation of a business by state officials that forced the business into bankruptcy would qualify as a violation of a liberty interest).

State of Louisiana since losing the contract that is at the center of its complaint.

For these reasons, the judgment of the district court is

AFFIRMED.