# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40578
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2015

Lyle W. Cayce
Clerk

JOHNNY LEE DAVIS,

Plaintiff–Appellant,

v.

THE CITY OF ARANSAS PASS, and its Subdivisions; CITY GOVERNMENT
OF ARANSAS PASS; ARANSAS PASS POLICE DEPARTMENT,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CV-363

Before SMITH, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Johnny Lee Davis, federal prisoner # 19203-179, appeals the dismissal
of the pro se 42 U.S.C. § 1983 complaint he filed on behalf of himself, Joshua
Davis, and John Johnson against the City of Aransas Pass, the Aransas Pass
Police Department, and the Aransas Pass City Government. Davis alleged
that the defendants violated the plaintiffs' federal constitutional rights by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

disseminating defamatory statements that characterized the plaintiffs as white supremacists who were involved in the murder of a 16-year-old Hispanic girl or who obstructed the murder investigation.  Davis also alleged claims of defamation under Texas state law.

After Davis was granted leave to proceed in forma pauperis (IFP), the district court dismissed Davis's federal claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  The district court reasoned that the claims were not cognizable under § 1983 because Davis had no federal constitutional right to be free from defamation.  The district court also imposed a strike pursuant to § 1915(g), dismissed Davis's state law claims without prejudice, and dismissed all purported claims by Joshua Davis and Johnson without prejudice because they could not be represented by Davis.

Davis now challenges the district court's determination that he failed to state a cognizable § 1983 claim.  The district court's dismissal of Davis's federal claims pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim is reviewed de novo.  *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010) (per curiam).  In reviewing the district court's decision, we accept the facts alleged in the complaint as true and construe them in the light most favorable to Davis.  *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) (per curiam).

According to Davis, his federal claims were cognizable under § 1983 because the defendants' defamatory statements not only injured his reputation but also infringed his constitutionally protected liberty interest in pursuing a business or occupation of his choice.  Davis also contends that we should vacate the district court's decision in order to avoid a miscarriage of justice.

A plaintiff's claim of defamation by a state actor, standing alone and apart from any other governmental action against him, does not implicate a

No. 14-40578

constitutionally protected interest under the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 694, 712 (1976). However, damage to an individual's reputation due to defamatory statements by a state actor is actionable under § 1983 when it is accompanied by an infringement of some other protected interest. *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995) (per curiam).

Davis did not allege that the defendants took any direct action against his business or employment, and the allegedly defamatory statements identified in his complaint did not pertain to his business or employment. At most, Davis's allegations establish that any harm to his business or employment interests merely flowed from damage to his reputation. Such damage is not recoverable in a § 1983 action. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991); *Vander Zee v. Reno*, 73 F.3d 1365, 1369-70 (5th Cir. 1996). Because Davis does not have a cognizable claim for an injury to his reputation, standing alone and apart from any other governmental action against him, he has not shown that the district court erred in dismissing his claims. *See Paul*, 424 U.S. at 694.

In what he delineates as additional issues, Davis also contends that the district court erred in stating that he conceded he had no federal constitutional right against defamation; focusing solely on the defendants' statements that he was a "white supremacist," without considering the statements that characterized him as a murderer who was motivated by race; and determining that he had no constitutionally protected right to be insulated from the publicly and privately expressed opinions of law enforcement officials. These additional contentions do not change the conclusion that Davis has failed to state a cognizable § 1983 claim. *See Paul*, 424 U.S. at 694.

The district court's decision counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Davis is

3

No. 14-40578

cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.