**Kenneth R. McDONALD,**
**Plaintiff–Appellant,**

v.

**CITY OF CORINTH, TEXAS; Don Brooks; Robert Capewell; Lorna Kithil; Shirley Spellerberg; Kevin Tapply, Defendants–Appellees.**

No. 95–40979.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1996.

---

Stephen J. Gugenheim, Rubin & Gugenheim, Dallas, TX, for plaintiff-appellant.

Ronald Hurley Clark, Wolfe Clark & Henderson, Sherman, TX, for defendants-appellees.

Robert L. Dillard, III, Nichols, Jackson, Dillard, Hager & Smith, Dallas, TX, for City of Corinth, TX.

Before REYNALDO G. GARZA, JOLLY and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Kenneth McDonald appeals from the district court's decision granting summary judgment in favor of the defendants, the City of Corinth, Don Brooks, Robert Capewell, Lorna Kithil, Shirley Spellerberg, and Kevin Tapply (collectively "the City"). McDonald contends that he had a property interest in his continued employment as Administrator of the City of Corinth and that he was terminated from that position without due process in violation of his Fifth and Fourteenth Amendment rights. McDonald maintains that these violations entitle him to damages under 42 U.S.C. §§ 1983 and 1985. McDonald also claims that the City of Corinth breached its contract of employment and that the City of Corinth and the individual defendants conspired to violate his constitutional rights.[1] For the following reasons, we find

---

1. McDonald concedes his claim of intentional infliction of emotional distress and, therefore, we

that the City satisfied all due process concerns, and affirm summary judgment on this alternate basis. We also hold that no contract of employment existed between McDonald and the City and, as such, we affirm the district court's decision granting summary judgment on the breach of contract claim.

## I.

On May 31, 1989, the City of Corinth hired McDonald as its Chief of Police. On March 15, 1990, the City created the job of City Administrator and the City Council set forth specific guidelines to govern the City Administrator's authority and responsibilities. McDonald applied for this newly created job and was hired sometime thereafter.

On March 21, 1991, the City Council adopted a new version of the Personnel Policy Manual for the City of Corinth. This new policy manual specifically provided that the City Administrator could only be terminated "for cause" or for "lack of confidence." The manual set forth detailed procedures regarding terminations, grievances, disciplinary actions, and appeals.

On June 28, 1993, McDonald received notice that the City was placing him on administrative leave pending a "lack of confidence" vote by the City Council. On July 1, 1993, the City Council held a hearing to consider terminating McDonald. McDonald attended the hearing and was permitted to address the council. He also read a letter that he had written in support of his continued employment. At the end of the hearing, the council voted on whether to terminate McDonald. The vote failed. McDonald then received another memo from the council continuing his administrative leave.

Five days after the first hearing, McDonald received another memo notifying him that the City Council proposed to terminate him "for cause" rather than for "lack of confidence." The council listed a number of grounds for the termination including McDonald's inability to perform the job, inefficiency, and insubordination. The council then held another open meeting on July 14, 1994.

affirm the district court's grant of summary judg-

At the July 14th meeting, Shirley Spellerberg, the Mayor of the City of Corinth, presented the charges against McDonald. McDonald, who was now represented by counsel, read another written response to the council. McDonald presented no additional information or argument against the charges, however, several citizens spoke on his behalf. At the close of this hearing, the council successfully voted to terminate McDonald "for cause."

McDonald then filed suit in the federal district court in Sherman, Texas, against the City of Corinth and individual council members for violating 42 U.S.C. §§ 1983, and 1985(3) by intentionally depriving him of his constitutional rights. McDonald also brought state law claims seeking damages for intentional infliction of emotional distress, and breach of contract. After considering the City's motion for summary judgment and McDonald's response, the district court granted summary judgment on the grounds that McDonald had no contractual or statutory right to continued employment as City Administrator. This holding disposed of McDonald's contractual claim, as well as his claims that were based upon an alleged denial of due process. McDonald filed a timely notice of appeal.

## II.

We review a district court's decision to grant a motion for summary judgment *de novo*. *Christophersen v. Allied–Signal Corp.*, 939 F.2d 1106, 1109 (5th Cir.1991) (en banc), *cert. denied*, 503 U.S. 912, 112 S.Ct. 1280, 117 L.Ed.2d 506 (1992). Summary judgment shall be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). "Review of the summary judgment requires the same analysis employed by the district court." *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1326 (5th Cir.1996). This court, however, "may affirm a district court's ruling on summary judgment based on any legally sufficient ground,

ment on this issue without further discussion.

even one not relied upon by the district court." *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1337 (5th Cir.1996).

## A.

McDonald argues that he had a property interest in his employment as City Administrator created by either the Personnel Policy Manual or Tex. Local Gov't Code § 22.077 and, therefore, summary judgment based on a lack of property interest was improper.

■ State law controls the analysis of whether McDonald has a property interest in his employment sufficient to entitle him to due process protection. *Bishop v. Wood*, 426 U.S. 341, 346–47, 96 S.Ct. 2074, 2078–79, 48 L.Ed.2d 684 (1976); *Schaper v. City of Huntsville*, 813 F.2d 709, 713 (5th Cir.1987). An employee has a property interest in his employment only when a legitimate right to continued employment exists. *Perry v. Sindermann*, 408 U.S. 593, 601–602, 92 S.Ct. 2694, 2699–2700, 33 L.Ed.2d 570 (1972). If McDonald had a "property right" in his employment, McDonald was entitled to procedural due process before the City could terminate his employment. *Schaper*, 813 F.2d at 714; *Findeisen v. North East I.S.D.*, 749 F.2d 234, 237 (5th Cir.1984), *cert. denied*, 471 U.S. 1125, 105 S.Ct. 2657, 86 L.Ed.2d 274 (1985).

The district court concluded that McDonald had neither a contractual nor statutory right that modified Texas' rule of at-will employment. Accordingly, the court held that McDonald was not entitled to procedural due process in connection with his termination. The court therefore awarded summary judgment to the City on McDonald's claims, 42 U.S.C. §§ 1983 and 1985, which depend upon a constitutional violation.

The district court did not reach the issue of whether the City satisfied the due process requirements of providing McDonald with notice and an opportunity to be heard. On appeal, the City argues that, even if McDonald had a protected property interest, he received ample notice and an opportunity to respond to the City's charges. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547, 105 S.Ct. 1487, 1496, 84 L.Ed.2d 494 (1985) (requiring notice and an opportunity to be heard at a meaningful time). We pretermit the question whether McDonald had a "property interest" in his continued employment, and affirm on the alternate ground that *even if* McDonald had a property interest, the undisputed facts demonstrate that the City afforded him full procedural due process.

■ Assuming without deciding that McDonald had a property interest in his continuing employment with the City, created by either the Personnel Policy Manual or the Tex. Local Gov't Code § 22.077, we must determine whether McDonald received adequate due process in his pre-termination hearing. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265 (1982). The essential requirements of due process are notice and an opportunity to respond. *Loudermill*, 470 U.S. at 546, 105 S.Ct. at 1495.

■ The undisputed facts reveal that the City met all due process requirements. McDonald was notified about each hearing and received a list of the charges brought against him. At each hearing, McDonald was given an opportunity to respond to the charges by addressing the council. He read a prepared letter at each hearing. At the second hearing, McDonald was represented by counsel. Mayor Spellerberg presented the charges against McDonald, and answered questions from citizens at the hearing. Several citizens also spoke on McDonald's behalf.

McDonald does not dispute these events, but he nevertheless contends that he was denied due process because he was not *specifically informed* by the City that he could present witnesses or cross-examine the Mayor. McDonald was informed that he would be given as much time as he needed to respond to the charges. No limits were placed on McDonald's ability to respond, and McDonald was represented by counsel at the hearing. Both McDonald and his attorney addressed the City Council. The Mayor fielded questions from the attendants at the hearing, but neither McDonald nor his attorney participated.

The Supreme Court has noted that a party's inaction may preclude him from complaining that he was denied the right to due process. *Richardson v. Perales*, 402 U.S. 389, 402, 91 S.Ct. 1420, 1424, 28 L.Ed.2d 842 (1971) (holding that Social Security claimant who had failed to subpoena doctor could not complain that he was denied right to cross-examination). Under the circumstances of this case, we hold that the City did not violate any constitutional right McDonald may have enjoyed by failing to specifically inform McDonald and his attorney that he was permitted to call and cross-examine witnesses.

McDonald failed to raise any disputed issue of *material* fact in support of his claim that he was denied procedural due process. As a result, summary judgment was appropriate on McDonald's claims under 42 U.S.C. §§ 1983 and 1985, and we affirm on this alternate ground.

#### B.

Having concluded that the City did not violate McDonald's constitutional rights, we must still consider McDonald's remaining contract claim. McDonald alleges that the City breached an employment contract created by the City's Personnel Policy Manual when it terminated his employment as City Administrator. The district court found that McDonald's at-will status was not modified by the Personnel Policy Manual, and therefore awarded summary judgment to the City.

McDonald contends that the City of Corinth's Personnel Policy Manual constituted a written contract of employment which restricted the City's ability to discharge him as City Administrator. McDonald relies on *Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 471–72 (5th Cir.), *cert. denied*, 502 U.S. 984, 112 S.Ct. 591, 116 L.Ed.2d 615 (1991), and *Aiello v. United Air Lines, Inc.*, 818 F.2d 1196, 1198 (5th Cir.1987), for the proposition that the Personnel Policy Manual modified his at-will status because (1) the policy manual contained detailed procedures for discipline and discharge, and obligated the City to discharge him only for good cause; (2) the City followed these procedures and notified McDonald that he was entitled

to rely upon the manual; and (3) the City treated the employee manual as a contractual obligation.

It is well-settled that Texas is an at-will employment state and that, absent an express agreement to the contrary, employment may be terminated at any time by either party with or without cause. *Federal Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex.1993); *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex.1991). Generally, courts find that statements about working conditions, grievance procedures or termination rights are insufficient to change an employee's at-will status. However, a handbook or policy manual may modify the at-will relationship if it specifically and expressly curtails the employer's right to terminate the employee. *McAlister v. Medina Elec. Co-op., Inc.*, 830 S.W.2d 659, 664 (Tex. Ct.App.—San Antonio 1992, writ denied); *and see Cote v. Rivera*, 894 S.W.2d 536, 540 (Tex.Ct.App.—Austin 1995, no writ) ("[A]ny modification of the [employee's] at-will status must be based on express agreements rather than implied agreements.").

McDonald contends that the Personnel Policy Manual represents something more than a general guideline for employee termination and, therefore, altered his at-will status. *See Schaper*, 813 F.2d at 713–14; *Aiello*, 818 F.2d at 1198; *Bueno v. City of Donna*, 714 F.2d 484, 492 (5th Cir.1983). In this case, the Personnel Policy Manual contained detailed procedures for discipline and discharge and the City specifically followed these procedures. Further, the mayor of the City of Corinth testified that the manual was viewed as "the law" of the City and adopted the manual as a City Ordinance Number 91–03–21–3.

However, the manual provides a means by which an employee could be discharged for reasons other than for good cause. *See McAlister*, 830 S.W.2d at 664 (The handbook must specifically and expressly limit the employment relationship and curtail the employer's right to terminate the employee.). The manual also contains an express statement that the "handbook is a general guide and does not constitute an employment agree-

ment or contract and does not guarantee further employment with the City of Corinth." The Supreme Court of Texas has held that a disclaimer in a employee handbook "negates any implication that a personnel procedures manual places a restriction on the employment at will relationship." *Dutschmann*, 846 S.W.2d at 283 (citing cases). As such, we hold that the Personnel Policy Manual did not form a contract or modify the employment at-will relationship, and consequently, the district court's grant of summary judgment on the contract claim is affirmed on this basis.

### III.

In conclusion, we hold that McDonald was afforded due process in his termination proceeding, and on this alternate basis we affirm the district court's grant of summary judgment for the City on McDonald's claims under 42 U.S.C. §§ 1983 and 1985. As to McDonald's breach of contract claim, we affirm the district court's decision granting summary judgment on the grounds that no employment contract was formed.