# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 00-50517
### Summary Calendar

_____

SAMI HANNA, M.D.,

                                    Plaintiff-Appellant,

versus

T. ULF WESTBLOM et al.,

                                    Defendants,

T. ULF WESTBLOM, M.D.; DANNY
KASTNER, M.D.; WILLIAM BAILEY, M.D.;
RAJENDRA MOTAPLARTHI, M.D.,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-147
--------------------
May 21, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Sami Hanna, formerly employed as a staff cardiologist with the Department of Veterans Affairs, Central Texas Health Care System ("VA") in Temple, Texas, and as an assistant professor of medicine at the Texas A&M Health Sciences Center ("A&M"), appeals the district court's summary-judgment dismissal of his federal civil rights action, pursuant to <u>Bivens v. Six Unknown Named</u>

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Agents, 403 U.S. 388 (1971). This court reviews the district court's grant of summary judgment de novo. Hale v. Townley, 45 F.3d 914, 917 (5th Cir. 1995).

Hanna urges that the district court erred in determining that he failed to demonstrate a constitutional violation. He argues that he demonstrated a violation of his due-process rights under the Fifth Amendment and a violation of his right to be free from retaliation under the First Amendment.

To the extent that Hanna seeks redress for damage to his professional reputation, his due-process claim fails because injury to reputation is not actionable under the Fifth Amendment. See Paul v. Davis, 424 U.S. 693, 712 (1976); Vander Zee v. Reno, 73 F.3d 1365, 1369 (5th Cir. 1996). To the extent that Hanna contends that he was denied due process when he was deprived of his property interest in his continued teaching duties at A&M, the claim similarly fails because the undisputed summary-judgment evidence demonstrates that the decision to suspend Hanna from teaching duties was not made by any of the defendants but was independently made by officials at A&M.

In connection with Hanna's claim that his overly long suspension and allegedly forced resignation from the critical care unit of the VA violated his due-process rights, the claim fails because, as a temporary employee, Hanna had no property interest in his continued employment. See McDonald v. City of Corinth, Texas, 102 F.3d 152, 155 (5th Cir. 1996); cf. Board of Regents v. Roth, 408 U.S. 564, 577-78 (1972). Although Hanna conclusionally asserts that he became a permanent employee, he has provided no

competent summary-judgment evidence to contradict the defendants' evidence that he served at the VA under a temporary appointment. See also Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

Alternatively, Hanna's due-process claim fails, as does his First Amendment retaliation claim, because Congress has provided a statutory framework for physicians employed by the VA to utilize to seek redress for allegedly unconstitutional adverse employment decisions, and this court has specifically held that this regulatory scheme precludes a damages remedy in federal court. See Heaney v. United States Veterans Administration, 756 F.2d 1215, 1217-20 (5th Cir. 1985); see also Bush v. Lucas, 462 U.S. 367, 378-90 (1983).

Hanna urges that he has been denied all access to the internal procedures and administrative remedies afforded by the VA and that his only recourse is a damages action in federal court, but his argument is wholly lacking in evidentiary support. Hanna's own summary-judgment evidence demonstrates that although he was denied further peer review because he had already received a favorable outcome, he was advised that he could proceed with an administrative EEO complaint, and the defendants have presented evidence demonstrating that Hanna is actively pursuing this avenue of relief. Thus, he has not been precluded from pursuing his administrative remedies.

The district court did not err in dismissing Hanna's complaint, and its judgment is AFFIRMED. Hanna's argument that rather than dismiss his suit, the court should have permitted him

to file an amended complaint or a submit a pleading pursuant to Fed. R. Civ. P. 7(a) is facially frivolous.

**AFFIRMED.**