**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-41261

Summary Calendar

---

ROXANNE HAUSEY,

Plaintiff-Appellant,

versus

CITY OF MCKINNEY,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Texas
(01-CV-8)

---

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roxanne Hausey appeals from the district court's decision granting summary judgment to the City of McKinney. Hausey contends that she had a property interest in her continued employment as an Office Assistant and that she was terminated from that position without due process in violation of the Fourteenth Amendment. In addition, Hausey contends that the city's refusal to conduct a name-clearing hearing violated her Fourteenth Amendment

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

liberty interests.  We find that Hausey did not have a property interest in her employment with the City, and therefore her termination did not violate her due process rights.  We also find that Hausey failed to provide any evidence that the City made the reasons for her termination public, and thus she was not entitled to a name-clearing hearing.  We therefore affirm.

## I.

We review a district court's decision to grant a motion for summary judgment *de novo*.[1]  Summary judgment shall be granted if the record, taken as a whole, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2]

State law controls our analysis of whether Hausey had a property interest in her employment sufficient to entitle her to due process protection.[3]  The City's contention that Hausey began her employment with the City as an at-will employee is not disputed.  Nevertheless, she asserts that "the City's policies and practices establish [that she] had a property interest in her position" with the City.  Hausey does not cite to any specific policy, written or otherwise, in her brief or her response to the City's summary judgment motion.  While her complaint quotes

---

[1] *Christophersen v. Allied-Signal Corp.*, 939 F.2d 1106, 1109 (5th Cir.1991).

[2] Fed. R. Civ. P. 56(c).

[3] *See McDonald v. City of Corinth*, 102 F.3d 152, 155 (5th Cir. 1996).

language from the Employee Handbook listing the kinds of offenses for which an employee may be discharged, she fails to explain how this creates the requisite interest in her continued employment.

It is well-settled that Texas is an at-will employment state and that, absent an express agreement to the contrary, employment may be terminated at any time by either party with or without cause.[4] A handbook or policy manual may modify the at-will relationship if it specifically and expressly curtails the employer's right to terminate the employee.[5] Hausey fails to cite to any evidence in the record which establishes that the City's right to fire her at-will was in any way curtailed. Absent a property interest, no right to due process exists.[6] Therefore, summary judgement was appropriate.

## II.

To prevail on her claim that the City infringed upon a cognizable liberty interest by denying her the opportunity to clear her name, Hausey must show: (1) that she was discharged; (2) that stigmatizing charges were made against her in connection with the discharge; (3) that the charges were false; (4) that she was not provided notice or an opportunity to be heard prior to her discharge; (5) that the charges were made public; (6) that she

---

[4] *Id.* at 156.

[5] *Id.*

[6] *See Moore v. Miss. Valley State Univ.*, 871 F2.d 545, 548 (5th Cir. 1989).

requested a hearing to clear her name; and (7) that the employer refused her request for a hearing.[7]

At a minimum, Hausey has failed to raise any factual issue with regard to element (5). The only time the charges were made public was when the City furnished details of Hausey's discharge to the Texas Workforce Commission to support its position that Hausey had been fired for misconduct and was therefore disqualified from receiving benefits. However, this disclosure occurred after Hausey had already disclosed in detail to the Workforce Commission that she had been discharged for misconduct. We have expressly held that "there is no liability when the agency has carefully kept the charges confidential and the plaintiff caused them to be made public."[8] We therefore agree with the district court that summary judgment is appropriate because there is no genuine issue of material fact with respect to the public disclosure element of Hausey's claim.

## III.

The district court's grant of summary judgment in favor of the City of McKinney is AFFIRMED.

---

[7] *See Hughes v. City of Garland*, 204 F.3d 223, 226 (5th Cir. 2000).

[8] *Id.* (internal quotations omitted).

4