# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2014

Lyle W. Cayce
Clerk

No. 13-10668
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

JANICE L. STALLONS,

Defendant–Appellant

MICHAEL G. STALLONS,

Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-2462

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Janice and Michael Stallons ("the Stallonses") appeal the district court's final order of garnishment. The Stallonses contend the district court erred by issuing an order of garnishment to the extent the garnishment order includes Michael Stallons's one-half community property interest in their joint

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10668

accounts. The Stallonses assert that the garnishment order effects an unconstitutional taking of property without just compensation and due process in violation of the Fifth and Fourteenth Amendments. We reject these arguments and affirm.

## I.   BACKGROUND

After Janice Stallons ("Janice") pled guilty and was convicted of bank fraud in violation of 18 U.S.C. §§ 371 and 1344, the district court ordered her to pay $8,581,970.30 in restitution to her victims. To enforce the judgment, the government sought writs of garnishment on various accounts and a life insurance policy held in Janice's name. Several of these accounts were joint accounts Janice shared with her husband Michael Stallons ("Michael").

Michael was not a party to the criminal case against his wife, and it is undisputed that Michael was not implicated or otherwise involved in Janice's criminal activity.

The Stallonses were served with notice of each writ of garnishment. They filed an answer to the writs of garnishment in which they admitted they were the owners of the money held by the banks that the government sought to garnish.

The Stallonses also asserted in their answer that any garnishment of the money in their joint accounts would be unconstitutional in violation of the Fifth and Fourteenth Amendments.

After initially entering a garnishment order, the district court vacated the order and held a hearing. The district court provided the Stallonses an opportunity to present their constitutional arguments, and the court also heard testimony from Michael himself. Michael testified that he was not involved in the bank fraud. Michael also testified that he was not personally sued or otherwise notified that the bank-fraud judgment was being entered against him personally.

2

No. 13-10668

The district court rejected the Stallonses' constitutional arguments and reinstated the order of garnishment. The court noted that it "fully underst[ood] Mr. Stallons'[s] sense that this is unfair to him." But the court reasoned that Fifth Circuit law on this topic was "clearly settled in the government's favor." The district court reinstated the order of garnishment, and the Stallonses timely appealed.

## II.    DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 1291. We review the district court's final garnishment order de novo because the facts are undisputed leaving only questions of law. *United States v. Clayton*, 613 F.3d 592, 595 (5th Cir. 2010).

Under 28 U.S.C. § 3205, a court may issue a writ of garnishment to satisfy a judgment, and co-owned property "shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located." Under Texas law, "community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by the spouse before or during the marriage." Tex. Fam. Code Ann. § 3.202(c). Thus, the government may garnish a non-debtor spouse's "one-half interest in the couple's community assets that were jointly managed or solely managed by" the debtor spouse. *United States v. Loftis*, 607 F.3d 173, 178 (5th Cir. 2010).

Here, it is undisputed that the community assets in question were jointly managed by Janice, the debtor spouse, and those assets may therefore be garnished under applicable federal and state law. *See id.* at 178–80. The Stallonses instead challenge the constitutionality of  the garnishment of Michael's assets—without a finding of guilt on his part—on two grounds: (1) the garnishment of Michael's property without a finding of guilt deprives him of property without due process of law in violation of the Fifth and

3

No. 13-10668

Fourteenth Amendments, and (2) the garnishment of Michael's property affects a taking without compensation in violation of the Fifth and Fourteenth Amendments.[1] These arguments are addressed in turn below.

"The essential requirements of due process are notice and an opportunity to respond." *McDonald v. City of Corinth, Tex.*, 102 F.3d 152, 155 (5th Cir. 1996). An opportunity to respond must come "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (citation and internal quotation marks omitted). Here, both Michael and Janice were provided notice weeks in advance of the garnishment order and afforded an opportunity to respond. Moreover, Michael was permitted to testify and argue his point, and it is clear from the record that the district court considered his testimony and arguments. Therefore, we find no violation of constitutional due process in the garnishment proceedings below. *See also Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405–09 (8th Cir. 2012) (affirming the garnishment of a non-debtor spouse's joint bank account under Minnesota law and concluding that because the non-debtor spouse "had actual notice and an opportunity for a postdeprivation hearing, . . . her Fourteenth Amendment right to due process was not violated when defendants attached funds from the Linds' joint bank account pursuant to Minnesota garnishment statutes.").

The Stallonses' takings argument is similarly unavailing. The proponent of a takings claim "bears a substantial burden in proving that government action inflicts an unconstitutional taking." *U.S. Fid. & Guar. Co. v. McKeithen*, 226 F.3d 412, 416 (5th Cir. 2000). As discussed above, the final postjudgment order of garnishment was lawful under applicable federal and

---

[1] Before the district court, the Stallonses appear to have asserted an Equal Protection Clause argument that they did not include in their appellant brief. Because "the failure to raise an issue on appeal constitutes waiver of that argument," *United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008), we need not and do not reach this issue.

4

state law.  The Stallonses argue in their brief the government is unfairly seizing Michael's property even though he "did nothing wrong, his only 'crime' was being married to Janice  L. Stallons who got caught up in a bank fraud scheme."  But the Stallonses have not presented a cogent constitutional argument that this statutory scheme, imposing postjudgment garnishment to obtain restitution, effects an unconstitutional taking in violation of the Fifth or Fourteenth Amendments, nor have they pointed us to any cases holding as much.  Thus, the Stallonses have not met their burden.

Moreover, the Stallonses' takings argument does not fall within the two narrow channels this Court has identified for takings claims.  This case presents neither a "classic taking in which the government directly appropriates private property for its own use," nor a regulatory taking, in which the government enacts "an economic regulation" that adjusts "'the benefits and burdens of economic life to promote the common good.'" *McKeithen*, 226 F.3d at 416 (quoting *E. Enters. v. Apfel*, 524 U.S. 498, 522 (1998)).  Instead, the statutory scheme enables the victims of criminal conduct to obtain restitution from assets accessible to the perpetrator of the crime.  Thus the Stallonses' taking claim is not within the Takings Clause of the Fifth Amendment, which this Court has previously recognized "prevent[s] the government from 'forcing some people alone to bear public burdens, which, in all fairness and justice, should be borne by the public as a whole.'"  *Id.* (quoting *E. Enters.*, 524 U.S. at 522).  In this sense, the only case the Stallonses cite— *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393 (1922)—is inapplicable, because that case dealt with the latter category—a "regulatory taking." *See id.* at 415–16.  The private monetary burdens of the victims were imposed by Janice's criminal conduct, and need not in fairness be borne by the public.  *See McKeithen*, 226 F.3d at 416.

Therefore, the Stallonses' takings argument is without merit.

No. 13-10668

### III.    CONCLUSION

Accordingly, the district court did not err in rejecting the Stallonses' constitutional arguments.  For the foregoing reasons, we AFFIRM the final order of garnishment.