# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60046

MARK A. ANDERSON,

Plaintiff - Appellee

v.

CITY OF MCCOMB MISSISSIPPI,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:13-CV-263

Before JOLLY, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

The City of McComb, Mississippi ("McComb") appeals the denial of its motions for judgment as a matter of law, for a new trial, and for remittitur. The district court denied these motions after a jury found McComb liable under 42 U.S.C. § 1983 for terminating Mark Anderson's employment without due process of law and awarded Anderson $150,000 in back pay. We AFFIRM.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60046

As a city employee for the McComb Police Department, Anderson had a property interest in continued employment. *See Anderson v. City of McComb* (*Anderson I*), 539 F. App'x 385, 387 (5th Cir. 2013) (citing MISS. CODE ANN. §§ 21-31-21 & 21-31-23). His employment thus could not be terminated against his will without appropriate procedural due process. *See id.* (citing *Nichols v. City of Jackson*, 848 F. Supp. 718, 721 (S.D. Miss. 1994)); *see also McDonald v. City of Corinth*, 102 F.3d 152, 155 (5th Cir. 1996). In this case, the jury found that: Anderson did not voluntarily give up his employment; McComb acted through its governing body to terminate Anderson's employment intentionally, recklessly, or through gross negligence; Anderson was not provided due process in his termination; Anderson would not have been terminated if he had been afforded notice and an opportunity to be heard; and Anderson was due $150,000 in back pay for the violation.

McComb claims the evidence is legally insufficient to establish municipal liability. However, law of the case precludes this argument. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) ("Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." (citation omitted)); *Crowe v. Smith*, 261 F.3d 558, 562 (5th Cir. 2001) (noting law of the case "applies regardless of whether the issue was decided explicitly or by necessary implication"). Before this case reached the jury, the parties filed cross-motions for summary judgment. The district court granted McComb's motion for summary judgment and denied Anderson's motion, dismissing, inter alia, Anderson's § 1983 due process claim. Anderson appealed, and a different panel of this court reversed the district court's decision to dismiss Anderson's § 1983 due process claim. *See Anderson I*, 539 F. App'x at 387–88. The panel remanded the § 1983 due process claim for trial, holding that disputes of material fact remained over whether Anderson was

discharged against his will and without due process of law.  The panel in *Anderson I* also noted and rejected McComb's argument that "even if his termination violated procedural due process, Anderson has not established a predicate for municipal liability."  539 F. App'x at 388 n.2.  Accordingly, based on the facts in the summary judgment record, a panel of this court already concluded that a reasonable jury could find that Anderson was involuntarily terminated by the City of McComb without due process.  If the record at trial does not materially differ from the record on summary judgment, law of the case binds this court to that conclusion—thereby defeating McComb's argument that the evidence was legally insufficient to support a finding of municipal liability.

Our review of the record and exchanges with counsel at oral argument make clear that the trial record does not materially differ from the summary judgment record.  Substantial evidence supports the jury's verdict and findings, including its findings regarding whether Anderson received adequate due process before his employment was terminated.  We discern no legal error, clear error, or clear abuse of discretion in the district court's denial of McComb's motions for judgment as a matter of law and for a new trial.  *See generally Brown v. Bryan Cty.*, 219 F.3d 450, 456–57 (5th Cir. 2000); *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1046 (5th Cir. 1998).

Likewise, we detect no clear error in the jury's damages award.  *See Pennzoil Producing Co. v. Offshore Express, Inc.*, 943 F.2d 1465, 1476 (5th Cir. 1991).  Anderson requested $384,413 in back pay, and a reasonable jury could have concluded that Anderson was entitled to $150,000.[1]

AFFIRMED.

---

[1]  We decline to address whether Anderson is entitled to an additur, finding this argument abandoned due to inadequate briefing.  *See generally Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(8).