# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50121

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2018

Lyle W. Cayce
Clerk

SCOTT RISTOW,

      Plaintiff - Appellant

v.

MICHAEL HANSEN; MARC BANE; MANUEL CASAS,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-999

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      Plaintiff-Appellant Scott Ristow, a former police officer for the City of Schertz, Texas, filed a § 1983 lawsuit against that city's police chief, assistant police chief, and one of its lieutenants. Ristow alleged that the defendants violated his Fifth and Fourteenth Amendment due process rights and his Fourth Amendment right to be free from unlawful searches and seizures. Ristow's claims arise from an incident that occurred while he was a Schertz

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50121

police officer. He alleged that, while on duty in September 2015, he conducted a traffic stop which led to the eventual arrest of two individuals in the vehicle. According to Ristow, one week after the stop and resulting arrest, Assistant Chief Bane and Lieutenant Casas, at the instruction of Chief Hansen, informed Ristow that his search of the vehicle and its two passengers was a "criminal act for which [he] would face incarceration." Ristow claims that Bane and Casas falsely stated that the district attorney was prepared to file criminal charges against him unless he immediately resigned. Ristow resigned as a result of that conversation.

Ristow filed this § 1983 lawsuit against Hansen, Bane, and Casas ("the officers") claiming that they violated his constitutional rights by forcing him to resign. The officers filed a motion to dismiss based on qualified immunity. The magistrate judge concluded that Ristow had failed to allege sufficient facts to show a constitutional violation and therefore could not overcome the officers' qualified immunity defense, and recommended that the officers' motion to dismiss be granted.

The district court adopted the magistrate judge's recommendation and dismissed Ristow's claims. He timely appealed, contending that the district court erred in requiring him to meet a heightened pleading standard to overcome the officers' qualified immunity defense. We affirm.

I.

FACTS AND PROCEEDINGS

A. Facts[1]

Ristow observed the driver of a car commit a traffic violation and stopped the vehicle. During the stop, Ristow asked the two occupants if there were any

---

[1] All facts derive from Ristow's amended complaint and, in this posture, are taken as true. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).

narcotics in the car. When they did not answer the question, Ristow asked for consent to search the vehicle. The owner of the vehicle consented, and Ristow searched the vehicle. He discovered a backpack and cigarette box both containing methamphetamine, then arrested the driver and passenger for possession of methamphetamine.

Approximately one week later, Chief Hansen told Assistant Chief Bane and Lieutenant Casas to inform Ristow that the September 14, 2015 search and subsequent arrests were illegal, and that—unless Ristow resigned immediately—the district attorney was prepared to file criminal charges against him. Ristow claims that the officers lied in making these threats, as the district attorney had no knowledge of the subject stop and search, and had no intention of filing charges against him. After hearing Bane's and Casas's threats, Ristow resigned.

B. Proceedings

In October 2016, Ristow filed suit against Hansen, Bane, and Casas in the Western District of Texas, claiming that those officers' threats amounted to a "deprivation of rights under 42 U.S.C. § 1983." Ristow did not state whether he was suing the officers in their individual or official capacities, and did not name the City of Schertz as a defendant.[2]

The three officers filed a motion to dismiss Ristow's original complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting the affirmative defense of qualified immunity. Ristow then filed a response to the officers' motion as well as a first amended complaint. In that amended complaint, Ristow clarified his allegations against the officers, claiming that they acted in

---

[2] Ristow did assert, however, that the officers were "policymakers for the Schertz Police Department and they formulated a policy . . . to threaten illegal arrests and prosecution in order to deny individuals like [Ristow] their constitutionally protected rights[,]" including Ristow's "constitutionally protected interest in his employment."

No. 17-50121

concert and under color of law to deprive him of his constitutional rights, including "his Fourth Amendment right to be free from unlawful seizure of his person, his Fifth and Fourteenth Amendment rights to due process of law, including the right to be free to pursue his chosen profession." In his response to the defendants' motion to dismiss, Ristow argued that, as his complaint alleged that the officers were the policymakers for the City of Schertz and were acting according to City policy when they threatened him with "a false and illegal arrest," the officers were not entitled to a dismissal under Rule 12(b)(6).

The magistrate judge recommended that the district court grant the officers' motion to dismiss because Ristow failed (1) to state a claim on which relief could be granted and (2) to allege sufficient facts to overcome the officers' qualified immunity defense. Ristow objected to the magistrate judge's recommendation. After considering the magistrate judge's report and recommendation, as well as Ristow's objections, the district court determined that the magistrate judge's recommendation should be accepted in its entirety. The district court granted the officers' motion to dismiss, and Ristow timely appealed.

## II.

### STANDARD OF REVIEW

We review a district court's grant of a motion to dismiss based on qualified immunity de novo.[3] We accept all well-pleaded facts as true and view them in the light most favorable to the non-movant.[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

---

[3] *Whitley v. Hanna,* 726 F.3d 631, 637 (5th Cir. 2013).

[4] *Id.*

to 'state a claim to relief that is plausible on its face.'"[5] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[7] Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level . . . ."[8] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[9]

To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) a violation of the Constitution or of federal law, and (2) that the violation was committed by someone acting under color of state law.[10] "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal."[11] When a defendant raises a qualified immunity defense,[12] the plaintiff has the burden

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[6] *Id.*

[7] *Id.*

[8] *Twombly*, 550 U.S. at 555.

[9] *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

[10] *James v. Texas Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (citing *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

[11] *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc).

[12] Ristow insists that the officers should not be allowed to raise a qualified immunity defense in their motion to dismiss, but instead must wait to raise that defense until they file their answer. We have previously urged that "[q]ualified immunity questions should be resolved 'at the earliest possible stage in litigation.'" *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). According to this principle, the district court was correct in addressing the officers' claims to qualified

No. 17-50121

of demonstrating the inapplicability of that defense.[13] To meet this burden, the plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."[14]

## III.

### ANALYSIS

A. Fourth Amendment Claim

Ristow first claims that the officers violated his Fourth Amendment rights when they threatened him with "false arrest and prosecution." "A 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, 'by means of physical force or show of authority, in some way restrained the liberty of a citizen.'"[15] When considering whether a seizure occurred, we ask "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."[16]

Ristow's amended complaint does not contain any factual allegations that indicate he was seized.[17] He asserts conclusionally that the officers

---

immunity at this stage in the litigation. *See, e.g., Turner v. Lieutenant Driver*, 848 F.3d 678, 683 (5th Cir. 2017) (addressing qualified immunity defense raised in a motion to dismiss).

[13] *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010).

[14] *Whitley*, 726 F.3d at 638 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

[15] *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)).

[16] *Michigan v. Chesternut*, 486 U.S. 567, 573 (1988) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)).

[17] Ristow seems to argue that the mere threat of arrest is a Fourth Amendment violation. This is not supported by our precedent. *Contra Short v. West*, 662 F.3d 320, 326 (5th Cir. 2011) (holding that threatened arrest constituted a seizure because at the time of the threat, sheriff deputies surrounded a police officer's vehicle, displayed a "menacing behavior and tone," and prevented the officer from leaving the scene while the threats were being made).

deprived him of "his Fourth Amendment right to be free from unlawful seizure of his person," but does not allege any discrete facts in support of this allegation. Because Ristow does not allege facts beyond that conclusional allegation that "state a claim to relief that is plausible on its face," his Fourth Amendment claim cannot survive the officers' motion to dismiss.[18] Furthermore, because he has not adequately alleged a constitutional violation, Ristow cannot overcome the officers' qualified immunity defense.[19] The district court was correct in dismissing Ristow's Fourth Amendment claims.[20]

B. Fifth Amendment Claim

Ristow also alleged that the officers violated his Fifth Amendment right to due process. "The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor."[21]   Ristow does not claim that any of the officers are federal actors; in fact, he conceded that they are employees of the City. Because the officers are not federal actors,

---

[18] *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[19] *See Whitley*, 726 F.3d at 638.

[20] Ristow contends that the magistrate judge erred in requiring him to meet a heightened pleading standard to overcome the officers' qualified immunity defense. This misconstrues the magistrate judge's holding. She recommended dismissing Ristow's claims because his complaint did not include "a particularized statement of facts to show" that his constitutional rights were violated. We have previously held that a plaintiff need not meet a heightened pleading standard to overcome a qualified immunity defense, but must "file a short and plain statement of his complaint, a statement that rests on more than conclusions alone." *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). The magistrate judge determined that Ristow's conclusional allegations repeatedly failed to meet this standard. She was therefore correct in determining that his claims could not survive a Rule 12(b)(6) motion to dismiss. *See Beavers*, 566 F.3d at 439 (quoting *Fernandez-Montes*, 987 F.2d at 284). Ristow failed to adequately plead a constitutional violation, so it was not necessary for the magistrate judge to determine whether the officers were entitled to qualified immunity. As she noted, a plaintiff can only overcome a qualified immunity defense if he demonstrates a constitutional violation—and Ristow made no such demonstration.

[21] *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000).

7

## No. 17-50121

Ristow's claim that they violated his Fifth Amendment due process rights cannot survive the officers' motion to dismiss.[22]

### C. Fourteenth Amendment Claim

Ristow also claimed that the officers violated his Fourteenth Amendment due process rights. He alleged that the officers deprived him of "the right to be free to pursue his chosen profession," and failed to comply with the Texas Government Code by forcing him to resign before conducting an investigation or providing him with a signed complaint regarding his alleged misconduct.

"The guarantee of due process enshrined in the Fourteenth Amendment has two components—(1) a guarantee of procedural protections when a state seeks to deprive an individual of protected liberty or property interests, and (2) a substantive protection against conduct that 'shocks the conscience.'"[23] Ristow does not indicate whether the officers violated his procedural or substantive due process rights. So, like the district court, we will assume he intended to allege both procedural and substantive violations of his due process rights and will address both.

To state a § 1983 claim for violation of the Fourteenth Amendment right to procedural due process, a plaintiff must allege that: "(1) [he] has a property interest in [his] employment sufficient to entitle [him] to due process protection, and (2) [he] was terminated without receiving the due process protections to which [he] was entitled."[24] "State law controls the analysis of

---

[22] Again, because Ristow failed to adequately allege a violation of his constitutional rights, he has not overcome the officers' claims to qualified immunity. *See Whitley*, 726 F.3d at 638 (quoting *al-Kidd*, 563 U.S. at 735). Because his claims cannot survive a Rule 12(b)(6) motion to dismiss, however, it is not necessary for us to analyze whether Ristow can overcome the high bar of a qualified immunity defense.

[23] *Jordan v. Fisher*, 823 F.3d 805, 810 (5th Cir. 2016), as revised (June 27, 2016), *cert. denied*, 137 S. Ct. 1069 (2017).

[24] *LeBeouf v. Manning*, 575 F. App'x 374, 376 (5th Cir. 2014) (citing *McDonald v. City of Corinth*, 102 F.3d 152, 155–56 (5th Cir. 1996)).

8

whether [a plaintiff] has a property interest in his employment sufficient to entitle him to due process protection."[25] "An employee has a property interest in his employment only when a legitimate right to continued employment exists."[26]

"In Texas, employment is terminable at will absent a contract to the contrary."[27] Ristow has not alleged any facts to support the existence of an employment contract or any other indication that his employment was not at will. Because he did not allege that he has a property interest in his employment, his claim of a Fourteenth Amendment procedural due process violation cannot survive a motion to dismiss.[28]

Ristow also fails to state a claim for a substantive due process violation under the Fourteenth Amendment. "To succeed with a claim based on substantive due process in the public employment context, the plaintiff must show two things: (1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or

---

[25] *McDonald*, 102 F.3d at 155.

[26] *Id.*

[27] *Schultea*, 47 F.3d at 1429.

[28] Assuming Ristow seeks to establish that he was constructively discharged in violation of the Fourteenth Amendment, he must allege facts to establish that the state's actions were "motivated by a desire to avoid subjecting its actions to the scrutiny of a termination-related hearing." *Fowler v. Carrollton Pub. Library*, 799 F.2d 976, 981 (5th Cir. 1986). Ristow has not alleged that he was told to resign to avoid formal termination proceedings; therefore, he has not adequately pled a constructive termination claim. *See id.* Ristow also alleges that the officers violated his due process rights by violating the Texas Government Code, which he claims required the officers to conduct an investigation and present him with a signed complaint before he was "forced to resign . . . under the false threat of arrest and incarceration." As the magistrate judge emphasized in her recommendation, however, Ristow failed to provide "argument or authority to show [that] a violation of the Texas Government Code is cognizable under § 1983." Thus, this allegation is also insufficient to establish a Fourteenth Amendment violation. *See Texas Collin Cty.*, 535 F.3d at 373 (explaining that a plaintiff must show a violation of the Constitution or federal law to state a claim under § 1983).

capricious."[29] As noted above, Ristow has not alleged facts indicating that he had a property interest in his employment by the City. He therefore has failed to state a valid claim of a substantive due process violation under the Fourteenth Amendment.[30]

To the extent that Ristow claims that his substantive due process rights were violated when the officers allegedly prevented him from gaining employment with other law-enforcement agencies by stating he was unemployable as a peace officer, "[a]llegations of damage to one's reputation or the impairment of future employment prospects fail to state a claim of denial of a constitutional right."[31] "However, damage to an individual's reputation as a result of defamatory statements made by a state actor, accompanied by an infringement of some other interest, is actionable under § 1983."[32] This is known as the "stigma-plus-infringement" test.[33] To recover under this theory, Ristow had to allege that:

> (1) he was discharged; (2) stigmatizing charges were made against him in connection with the discharge; (3) the charges were false; (4) he was not provided notice or an opportunity to be heard prior to the discharge; (5) the charges were made public; (6) he requested a hearing to clear his name; and (7) the employer denied [his] request.[34]

Ristow has failed to allege that he was not provided notice or an opportunity to be heard prior to his discharge. He does not claim that the stigmatizing charges were made public, that he requested a hearing to clear

---

[29] *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (quoting *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993)).

[30] *See id.*

[31] *State of Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995).

[32] *Id.*

[33] *Bledsoe v. City of Horn Lake*, 449 F.3d 650, 653 (5th Cir. 2006).

[34] *Id.*

his name, or that the City denied such a request. Ristow's amended complaint therefore fails to state a claim for a substantive due process violation under a "stigma-plus-infringement" theory.[35] The district court correctly granted the officers' motion to dismiss Ristow's Fourteenth Amendment claims.

## D. *Monell* Liability

Neither does Ristow state whether he is suing the officers in their individual or official capacities. He does assert, however, that the officers "are the policymakers for the Schertz Police Department and they formulated a policy whereby they use their capacity as peace officers to threaten illegal arrests and prosecution in order to deny . . . constitutionally protected rights." The district court did not address whether Ristow also intended to assert claims against the City. On appeal, Ristow contends that his complaint does state claims against the City and that the district court erred in not addressing these claims. We will assume, without deciding, that Ristow's amended complaint does assert claims against the City.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[36] Instead, a plaintiff must demonstrate that the municipality acted "pursuant to official municipal policy" when it violated a federally protected right.[37] "A plaintiff must identify: '(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom.'"[38] "We have stated time and again that

---

[35] *See id.*

[36] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

[37] *Id.* at 691.

[38] *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

'[w]ithout an underlying constitutional violation, an essential element of municipal liability is missing.'"[39]

Not only has Ristow failed to plead sufficient facts to demonstrate that the officers violated his constitutional rights, he has not alleged sufficient facts to show that any such violations were caused by a custom or policy of the city. Ristow states that the officers "are the policymakers for the Schertz Police Department," but he does not allege any facts to support that conclusional allegation. As Ristow has not pleaded facts beyond conclusional allegations which demonstrate that his constitutional rights were violated or that any such violations were the result of an official policy promulgated by the municipal policymaker, he has failed to state a valid *Monell* claim against the City.[40]

## IV.
## CONCLUSION

Ristow has failed to allege facts sufficient to state a claim that Officers Hansen, Bane, and Casas—or the City for that matter—violated his constitutional rights. We therefore affirm the district court's grant of the officers' motion to dismiss.

AFFIRMED.

---

[39] *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 866–67 (5th Cir. 2012) (en banc) (alteration in original) (quoting *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997)).

[40] *See Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir. 1995) (holding that the plaintiff did not state a § 1983 claim against a municipality where the alleged injury was caused by individual police officers, not city policy or custom); *Fernandez-Montes*, 987 F.2d at 284 ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").